IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| BARBARA SOUTH, | : | |
| Plaintiff, | : | |
| | | Case No. 3:05cv359 |
| vs. | : | |
| | | JUDGE WALTER HERBERT RICE |
| LIBERTY RETIREMENT COMMUNITY OF WASHINGTON TOWNSHIP, INC., | : | |
| | : | |
| Defendant. | : | |
| | : | |

---

DECISION AND ENTRY SUSTAINING BOTH PLAINTIFF'S MOTION
FOR LEAVE TO FILE RULE 36(b) MOTION AND RULE 36(b) MOTION
(DOC. #26); OVERRULING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT (DOC. #16), WITHOUT PREJUDICE TO RENEWAL;
DISCOVERY PERIOD REOPENED; DISPOSITIVE MOTION DEADLINE
REESTABLISHED; INSTRUCTIONS TO COUNSEL; CONFERENCE CALL
SCHEDULED

---

The facts and procedural history pertinent to the issue presently before the

Court are set forth in the Court's previous Entry, which ordered the parties to brief

the issue pertaining to the deemed admission and the Plaintiff's failure to file a Rule

36(b) motion. Doc. #21.  In that Entry, the Court ordered the parties to brief the

following issues:

> (i) Whether the Court, on subsequent motion by the Plaintiff, should
> permit the withdrawal or amendment of the admission of Request
> #6, under the parameters of Rule 36(b), using the two-prong test
> as articulated by the Sixth Circuit in Riley v. Kurtz, No. 98-1077,
> 1999 U.S. App. LEXIS 24341 (6th Cir. Sept. 28, 1999).

      (ii) To what extent, if any, the parties will suffer additional prejudice by the Court allowing the Plaintiff to file, or not to file, such motion, given the eighteen month delay between the time the Plaintiff could have originally filed such a motion, after the . . . submission of the Requests on April 17, 2006, and the present date.

Id. at 10.  The parties having briefed these issues (Docs. #24, #25), the Court will now set forth its rulings on both the Plaintiff's Motion[1] To File a Rule 36(b) Motion and the Plaintiff's Rule 36(b) Motion to Withdraw the Admission to Request #6 (both Motions contained at Doc. #26), as well as address the impact of these decisions on the Defendant's previously filed Motion for Summary Judgment (Doc. #16).

I.     ARGUMENTS OF THE PARTIES

    A.    <u>Plaintiff's Argument</u>

    The first prong of the <u>Riley</u> test asks whether "upholding the admission would practically eliminate any presentation on the merits of the case." <u>Riley</u>, 1999 U.S. App. LEXIS 24341 at *7[2]; <u>see also</u> Fed. R. Civ. Proc. 36(b) (a court may

---

      [1]Said Rule 36(b) Motion is incorporated into the Plaintiff's request to file the same. Doc. #26 (Motion for Leave to File Rule 36(b) Motion and Rule 36(b) Motion).

      [2]The Sixth Circuit recently decided another case, in which it applied Rule 36(b). <u>Sibby v. Ownit Mortg. Solutions, Inc.</u>, 2007 U.S. App. LEXIS 16734 (6th Cir. July 6, 2007).  In that case, the Court did not specifically identify the two-part test it enunciated in <u>Riley</u>, but it affirmed the lower court's decision to overrule the plaintiff's Rule 36(b) motion, because "plaintiff's counsel had ample opportunity to respond to the requests for admission and failed to do so despite being provided with additional time.  In any event, the admissions are not the sole evidence [on

permit withdrawal of an admission "if it would promote the presentation of the merits of the action").  Other than restating the text of this prong, the Plaintiff does not address the question of why upholding her admission of Request #6 would practically eliminate any presentation on the merits of her case. See Doc. #25 at 2.

The second prong of the Riley test probes whether the party who initially obtained the admission will face special difficulties, because of the sudden need to obtain evidence upon withdrawal of the admission. Riley, 1999 U.S. App. LEXIS 24341, at *7; see also Fed. R. Civ. Proc. 36(b) (a court may permit withdrawal of an admission "if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits").  In responding to this prong, the Plaintiff asserts that the Defendant fully explored all of the Plaintiff's allegations, during discovery, and would have no "sudden need" to obtain additional evidence were the subject admission to be withdrawn. Doc. #25 at 2, 6.[3]

_____

the point in contention]." Id. at *10.

[3]Additionally, the Plaintiff contends that the Defendant knew that she suffered from a "serious health condition" (the subject of the Request in question), since the Defendant was closely involved in processing the Plaintiff's claim with the Bureau of Workers' Compensation. Doc. #25 at 2-3.  The Plaintiff further contends that she filed this suit predicated squarely on the notion that she suffered from a serious medical condition and, thus, the Defendant could not reasonably anticipate that she would later admit to not suffering from such a condition. Id. at 8.  These contentions do not go to the issue of whether the Defendant would be prejudiced if the Court allows the Plaintiff to withdraw her admission, as required by Rule 36(b).  Rather, they seem to support an argument that Request #6 should

3

B.    Defendant's Response

As to the first prong of the Riley test, the Defendant responds by pointing

out that the Plaintiff merely restates the Riley standard, rather than pointing to any

evidence or citing any reason why this admission would eliminate a presentation of

the merits of her case. Doc. #24 at 9-10.  The Defendant also argues that the

admission in question has no effect on the Plaintiff's second claim (retaliation,

under Ohio Revised Code § 4123.90); therefore, denying her request to withdraw

this admission would not practically eliminate any presentation on the merits of her

case. Id. at 7, 10.

In asserting prejudice, under the second prong of the Riley test, the

Defendant contends that granting the Plaintiff relief at this late date, after both the

discovery cutoff and the dispositive motion deadline have passed, would prejudice

it in its ability to defend against her Family Medical Leave Act ("FMLA") claim.[4] Id.

_____

not be deemed admitted, since the Defendant should have known otherwise.  The
Court will not entertain such an argument, however, since it is directly contrary to
Rule 36(a) and (b)'s dictate that a request is admitted, if not timely denied, subject
to a later Rule 36(b) motion to withdraw.

The Plaintiff makes two other assertions, with the first being that she made
an argument that was "equivalent" to filing a Rule 36(b) motion, in her memo in
opposition to Defendant's Motion for Summary Judgment. Doc. #25 at 5 (citing
Doc. #17 at 8-11; Kerry Steel, Inc. v. Paragon Indus., 106 F.3d 147, 154 (6th Cir.
1997)).  The Plaintiff also asserts that in the Defendant's recent amendment to
its answer, the Defendant seems to have "hitched its' [sic] defense . . ., in some part,
to an alternative theory." Id. at 6.  The Court finds it unnecessary to delve into
these arguments, given that it has otherwise concluded that the Plaintiff's Rule
36(b) Motion should be sustained.

[4]The two remaining claims in the Plaintiff's Complaint are wrongful discharge
in retaliation for filing a workers compensation claim, pursuant to Ohio Revised

4

at 7. In support of this contention, the Defendant points out that it did not depose two of the Plaintiff's treating physicians, in reliance on the admission, a fact which has prompted other courts to deny similar Rule 36(b) motions. Id. at 12-14 (citing, among others, Le v. Cheesecake Fact. Rest., Inc., 2007 U.S. App. LEXIS 5232, *12 (5ᵗʰ Cir. 2007); Conlon v. United States, 474 F.3d 616, 624 (9ᵗʰ Cir. 2007); Galt Capital, LLP v. Seykota, 2004 U.S. Dist. LEXIS 22972, **5-6 (D.V.I. 2004)). The Defendant also argues that other courts have refused to sustain Rule 36(b) motions based on a party's delay and lack of diligence, and the facts of this case indicate that this Court should do the same. Id. at 11 (citing Le, 2007 U.S. App. LEXIS 5232, *11-12; Conlon, 474 F.3d at 624; Banos v. Chicago, 2004 U.S. Dist. LEXIS 5176, *15 (N.D. Ill. 2004)).

## II.    LAW

Rule 36(b) provides that "[a] matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." Fed. R. Civ. Proc. 36(b). That Rule goes on to state that a court may permit withdrawal of an admission, "if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. . . ." Id.

---

Code § 4123.90, and wrongful discharge, in accordance with the FMLA, 29 U.S.C. § 2611. Doc. #1, Attach. #1 ¶¶17-28. The parties have since stipulated to the dismissal of her third claim, wrongful discharge - age discrimination. Id. ¶¶ 29-33; Doc. #15 (Stipulation of Dismissal).

In <u>Riley v. Kurtz</u>, the Sixth Circuit explained that "[t]he first prong of the test articulated in Rule 36(b) is satisfied 'when upholding the admission would practically eliminate any presentation on the merits of the case.'" 1999 U.S. App. LEXIS 24341, at *7 (6th Cir. Sept. 28, 1999) (citing <u>Hadley v. United States</u>, 45 F.3d 1345, 1348 (9th Cir. 1995) (holding that the district court abused its discretion in refusing to allow the withdrawal of two inadvertent admissions that went to the heart of the case)); <u>see also</u> <u>Dynasty Apparel Indus. v. Rentz</u>, 206 F.R.D. 596, 602 (S.D. Ohio 2001) (applying same standard).  As to the second prong of the test, "'the prejudice contemplated by [Rule 36(b)] is not simply that the party who initially obtained the admission will now have to convince the fact finder of its truth,' [but instead], prejudice under Rule 36(b) 'relates to special difficulties a party may face caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission.'" <u>Riley</u>, 1999 U.S. App. LEXIS 24341, at *7 (quoting <u>Kerry Steel, Inc. v. Paragon Indus.</u>, 106 F.3d 147, 154 (6th Cir. 1997)).  "By the terms of Rule 36(b) itself, the burden [is on the opposing party] to demonstrate that he would be prejudiced if the district court allow[s] the withdrawal. <u>Id.</u> at **7-8 (citing Fed. R. Civ. P. 36(b)).


III.    ANALYSIS

In applying Rule 36(b), the Court must initially determine whether permitting the Plaintiff to withdraw the admission to Request #6 would promote the

6

presentation of the merits of her action or, stated differently, whether upholding

the admission would practically eliminate any presentation on the merits of her

case. While the Defendant's arguments here, that the Plaintiff does not make any

attempt to argue this point and that she would still have her state law retaliation

claim, are well taken, the Court finds that permitting the Plaintiff to withdraw the

admission to Request #6 would indeed promote the presentation of the merits of

her action, at least her wrongful discharge in violation of the FMLA claim. It goes

without saying that, as part of her FMLA claim (which is a distinct and separate

claim from the state law retaliation claim), the Plaintiff must demonstrate that she

has a serious health condition. <u>See</u> Doc. #1, Attach. #1 (Compl.)[5]; Doc. #15

(Stipulation of Dismissal of Count 3). Since permitting the Plaintiff to withdraw her

---

[5]The applicable part of the FMLA provides that an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

    (A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

    (B) Because of the placement of a son or daughter with the employee for adoption or foster care.

    (C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

    (D) Because of a <u>serious health condition</u> that makes the employee unable to perform the functions of the position of such employee.

29 U.S.C. § 2612(a)(1) (emphasis added). The only ground the Plaintiff asserts, in support of her claim of FMLA entitlement, is that she suffered from a "serious health condition." Doc. #1, Attach. #1 (Compl.). ¶¶ 22-28.

admission to Request #6, an admission that she does not have such a serious health condition, would promote the presentation of the merits of her FMLA claim, the first prong of the Rule 36(b)/Riley test weighs in favor of the Plaintiff.  Indeed, without the withdrawal of the admission, her FMLA claim fails, and the Defendant's Motion for Summary Judgment on this point must be SUSTAINED.

In assessing the second prong, the Court must determine whether allowing the Plaintiff to withdraw the admission would prejudice the Defendant in its ability to defend the action on the merits or, in other words, whether the Defendant would endure special difficulties caused by a sudden need to obtain evidence upon the withdrawal.  The Defendant asserts that it would be so prejudiced because, in reliance on the deemed admission, it did not take the deposition testimony of two of the Plaintiff's treating physicians and it is now past both the close of discovery and the dispositive motion filing deadline.[6]  While the Court agrees that certain deadlines have, indeed, expired, it finds that any such prejudice will be cured,

---

[6]As the Defendant contends, it is true that other courts have considered, as one of the factors in an analysis of whether to allow a party to withdraw a deemed admission, the fault of the party seeking withdrawal, e.g., Le v. Cheesecake Factory Rests., Inc., 2007 U.S. App. LEXIS 5232, *8 (5th Cir. Mar. 6, 2007).  The Sixth Circuit, however, has not yet embraced this means of approaching a Rule 36(b) determination.  This Court does not see fit to take this opportunity to move outside the bounds of the text of Rule 36(b) and the Sixth Circuit cases interpreting the same. Cf. Sibby v. Ownit Mortg. Solutions, Inc., 2007 U.S. App. LEXIS 16734 (6th Cir. July 6, 2007) (where, in affirming the lower court's decision to overrule the plaintiff's Rule 36(b) motion, the Court pointed out that plaintiff's counsel had had ample opportunity to respond to the requests for admission, the Court also relied on the fact that the admissions were not the sole evidence on the point in contention).

thereby enabling the Defendant to properly defend the action on its merits, if the Court takes the following steps:  (i) reopens discovery, in order to give the Defendant time to complete the two depositions in question, and (ii) establishes a new dispositive motion briefing schedule to accommodate any such motions the parties may wish to make, given the need to reopen discovery.

Based upon the foregoing, the Court SUSTAINS the Plaintiff's Motion for Leave to File a Rule 36(b) Motion, as well as the Plaintiff's Rule 36(b) Motion, itself. Doc. #26.  Since this ruling undermines the factual predicate for the Defendant's Motion for Summary Judgment, by eliminating the evidentiary support for its proposition that the Plaintiff did not suffer from a serious health condition, the Court OVERRULES that Motion, without prejudice to renewal. Doc. #16.

The Defendant has also requested that the Plaintiff pay the Defendant's expenses, including reasonable attorney fees incurred in moving for summary judgment. Doc. #27 at 1.  The Court finds this request reasonable.  As this Court determined in a similar situation in Dynasty Apparel Industries Inc. v. Rentz, "[a]lthough the Court cannot eliminate the futility of having filed that motion, it can lessen the cost by requiring that Rentz compensate it for the expenses it incurred to file that motion, including reasonable attorney's fees.  Dynasty would not have incurred those expenses if Rentz had served his answers to the Requests for Admission in a timely fashion." Dynasty Apparel Indus. v. Rentz, 206 F.R.D. 596, 602 (S.D. Ohio 2001).  Thus, the Plaintiff is ordered to pay the Defendant's

9

expenses, including reasonable attorney fees, incurred in moving for summary judgment.

IV.    CONCLUSION

The Defendant's Motion for Summary Judgment (Doc. #16) is OVERRULED, without prejudice to renewal.  The Plaintiff's Motion for Leave to File Rule 36(b) Motion and Rule 36(b) Motion to withdraw the admission to Request #6 (Doc. #26) are SUSTAINED.

The Court hereby reopens the discovery period for seventy-five (75) days, for the sole purpose of giving the Defendant time to depose the two previously identified treating physicians.  Furthermore, the deadline for filing any new dispositive motions is extended for thirty (30) days past the end of discovery.

Defendant's counsel must submit, within ten (10) days of this Order, an itemized statement of fees and costs incurred in moving for summary judgment, setting forth the date and nature of the particular service rendered, the time expended in doing so, and counsel's hourly rate, including therein any related fees and costs.  Opposing Counsel will then have ten (10) days in which to respond to the submission of Defendant's counsel.

Counsel of record will note that a telephone conference call will be initiated by the Court, to discuss a trial date and other dates leading to the resolution of this litigation, at 8:30 a.m. on Monday, March 24, 2008.

March 13, 2008

                          /s/ Walter Herbert Rice
                      WALTER HERBERT RICE, JUDGE
                      UNITED STATES DISTRICT COURT

Copies to:
Counsel of record